IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JAMES DAVID KEITH**, <br><br> Petitioner, <br><br> v. <br><br> **MULTNOMAH COUNTY CIRCUIT COURT; MICHAEL REESE,** Multnomah County Sheriff, <br><br> Respondents. | Case No. 3:20-cv-00582-IM <br><br> **ORDER TO DISMISS** |

**IMMERGUT, District Judge.**

      Petitioner James David Keith ("Keith"), an individual in custody at the Multnomah County Inverness Jail, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Because Keith admits that he failed to exhaust his claims in state court, and because no circumstances exist to excuse such failure, the Petition (ECF No. 2) is DISMISSED, without prejudice.

///

///

PAGE 1 – ORDER TO DISMISS

**STANDARDS**

Federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This Court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases; *see also O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990), *cert. denied*, 498 U.S. 1096 (1991) (quoting *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)) (acknowledging that "the Rules governing Section 2254 in the United States District Courts 'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated'").

**BACKGROUND**

On August 31, 2019, Keith was arrested and charged with assault in the fourth degree and felony strangulation constituting domestic violence. Pet., ECF No. 2, at 13. Keith was subsequently booked into the Multnomah County Detention Center ("MCDC") and was unable to post bail. *Id.* While awaiting trial at MCDC, Keith was found in contempt of court for a previous violation of an unrelated restraining order. *State of Oregon v. James David Keith*, Case No. 19CN02988 (Multnomah Cty. Cir. Ct.). The trial court delayed the imposition of sanctions in the contempt case pending the outcome of Keith's criminal case. Pet., at 13. The criminal case proceeded to trial shortly thereafter, and a Multnomah County jury found Keith guilty on all criminal charges. *State of Oregon v. James David Keith*, Case No. 19CR57655 (Multnomah Cty. Cir. Ct.). He was sentenced to a two-year probationary term on December 9, 2019. Pet., at 9. The same day, the trial court sanctioned Keith on the contempt citation by imposing a custodial term

of six months. *Id.* at 17. A notice of appeal with respect to the contempt citation was filed on Keith's behalf in the Oregon Court of Appeals in January 2020. *State of Oregon v. James David Keith*, Case No. A173158 (Or. Ct. App.). His appeal is currently pending.

Keith also sought federal habeas relief, asserting the six-month custodial term imposed by the trial court is unconstitutional because it did not credit time served and did not include the possibility of earned-time or good-time credits. On March 2, 2020, Chief Judge Hernandez summarily dismissed Keith's habeas petition for failing to exhaust his claims in state court. *Keith v. Multnomah Cty. Cir. Ct.*, Case No. 3:20-cv-00283-HZ (D. Or. Mar. 2, 2020). On April 2, 2020, Keith filed this renewed Petition.

## DISCUSSION

An individual in state custody seeking federal habeas corpus relief generally must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, the petitioner must fairly present his claims to the highest state court, and that court must address the merits of his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "In general, a habeas petition should be dismissed if a petitioner has failed to exhaust state remedies as to even one claim." *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994) (citing *Rose v. Lundy*, 455 U.S. 509, 513–20 (1982)). A habeas action filed prior to completion of exhaustion should be dismissed without prejudice. *Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008).

A petitioner's failure to exhaust may be excused, however, if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii). Such circumstances exist "in rare cases where exceptional circumstances of peculiar urgency are shown to exist," *Granberry v. Greer*, 481 U.S. 129, 131, 134 (1987), or where "extreme" or "unusual" delay in the state courts

can be attributed to the State rather than the petitioner. *Edelbacher v. Calderon*, 160 F.3d 582, 586 (9th Cir. 1998).

Keith acknowledges his claims are unexhausted, but asserts the trial court has continuously failed to enter a formal judgment, which has prevented him from filing a notice of appeal in state court. Pet., at 4. To support this assertion, Keith attaches a letter to his Petition authored by Ingrid MacFarlane, Chief Deputy Defender for the Office of Public Defense Services ("OPDS"), to Judge Kelly Skye, who presided over Keith's sentencing proceeding. Pet., Ex. A. The letter is dated March 14, 2020, and sets forth a second request from OPDS for the trial court to prepare and enter a judgment "as soon as practicable" so that Keith may file an appeal. *Id.* In light of the trial court's unnecessary delay, Keith asserts that he is excused from the exhaustion requirement because "no other timely remedy exists." *Id.* at 5.

The letter provided, however, explicitly references Keith's criminal case number, and makes no mention of the contempt citation or the six-month custodial term challenged here. Keith thus has provided evidence of appellate delay attributable to the State with respect to his criminal conviction, but fails to demonstrate that the pending appeal challenging his contempt citation has been impeded by a similar systemic failure of the state courts.

Moreover, Keith fails to demonstrate that exceptional circumstances of peculiar urgency otherwise exist in this case that might excuse his failure to seek relief in state court. An appeal is pending in state court, and Keith provides no reason, other than the short duration of his incarceration, why the Oregon Court of Appeals cannot competently review his claims. That he is serving a "relatively short sentence does not constitute an exceptional circumstance justifying federal intervention." *Gonzalez-Aguilera v. Franke*, Civil No. 2:12-cv-01438-BR, 2013 WL 2149620, at * 3 (D. Or. May 14, 2013); *accord Westcott v. DeCamp*, Civil No. 10-2191-JO, 2011

PAGE 4 – ORDER TO DISMISS

WL 5117887, at *5 (D.Or. Oct. 25, 2011); *Stell v. Myers*, Civil No. 10-1289-KI, 2011 WL884825, at *1 (D. Or. Mar. 14, 2011). "To hold otherwise would permit every state prisoner with a short sentence to bypass state remedies, a result which would be directly contrary to the strong presumption in favor of exhaustion." *Stell*, 2011 WL884825, at *1.

## CONCLUSION

Based on the foregoing, the Petition for Writ of Habeas Corpus (ECF No. 2) is summarily DISMISSED, without prejudice, for failure to exhaust. The deficiency noted herein cannot be remedied by way of an amended petition, therefore the dismissal is without leave to amend. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability is DENIED. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 11th day of May, 2020.

*Karin J. Immergut*
Karin J. Immergut
United States District Judge